CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 09, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTER DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ABDUL-MU'MIN, ibn ) | |
| RICHARD WALLACE MARRON, SR., ) | Civil Action No. 7:25cv00037 |
|     Petitioner, ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| CHADWICK DOTSON, ) | By: Robert S. Ballou |
|     Respondent. ) | United States District Judge |

Petitioner Abdul-Mu'Min filed a suit seeking habeas corpus relief (release from prison), damages under 42 U.S.C. § 1983, and a jury trial, based upon alleged wrongful denial of parole, resulting in his unlawful continued confinement and subjection to harmful living conditions in prison. The court conditionally filed the petition as a habeas corpus petition under 28 U.S.C. § 2254 and advised Mu'Min that his civil rights action under § 1983 was improperly misjoined with the habeas petition and would have to be filed separately. ECF No. 9.

Mu'Min complied with the conditions of the court's order and paid the $5.00 filing fee for his habeas petition. However, he also filed objections to the order and a Motion for Oral Argument and an Emergency Hearing on his objections. ECF No. 14. For the reasons stated below, his Motion will be denied and his objections overruled.

1. **Motion for Oral Argument and Emergency Hearing**

Mu'Min moved the court for "Oral arguments and and (sic) 'Emergency Hearing' to further articulate his case and the harsh conditions of confinement that jeopardizes his life and the suffering he labors under . . . ." Motion, ECF No. 14 at 6. First, the court notes that the harsh conditions of confinement are relevant only to his § 1983 claim for monetary damages, not to this habeas claim. Second, in his Petition, Affidavit, and other pleadings, Mu'Min has adequately presented his facts and arguments to the court, rendering oral argument unnecessary.

Further, he has not offered any reason that an "emergency hearing" is any more necessary in this case than in the hundreds of other habeas and civil rights cases pending before the court. Because oral argument is unnecessary at this time, I will deny the motion without prejudice.

2. **Objections to the Court's Order of February 4, 2025**

Mu'Min's first objection is that the Petition is not docketed for a jury trial. While he is entitled to a jury trial in a civil rights case under § 1983 (which he has now filed, *Mu'Min v. Cook*, No. 7:25cv302 (filed May 5, 2025 W.D. Va.), he is not entitled to a jury trial for a habeas case, which is an equitable proceeding. Ruling on legal issues in a habeas case requires the judge to review what has already happened in previous proceedings by reading transcripts, records, exhibits, and previous court opinions in the case. If an evidentiary hearing becomes necessary in a habeas case, it is held before the assigned District Judge or on referral to a Magistrate Judge. *See* Rule 8, Rules Governing § 2254 Cases. Because this case is his habeas case, Mu'Min is not entitled to a jury trial, and I will overrule this objection.

His second objection is that Harold Clarke was removed from the heading of the § 2254 Petition, as Mu'Min contends that Clarke is culpable for harms caused to him. However, the harms that Mu'Min claims to have suffered are not part of his habeas case. The sole issue in a habeas case is whether Mu'Min is wrongfully in custody. Mu'Min's habeas petition is challenging the length of his confinement, the traditional purpose of the equitable remedy of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). Clarke may well be an appropriate defendant in the § 1983 case, depending upon the facts developed therein. However, the respondent in a habeas case is the state officer who has custody of the prisoner at the time the case is filed. Rule 2(a), Rules Governing § 2254 Cases. This is because that officer is the one responsible for complying with a court's order to release a prisoner, if the prisoner prevails in the

case. Chadwick Dodson is the current Director of the VDOC, the appropriate person to name as the respondent in a habeas case.[1] I will overrule Mu'Min's objection.

Mu'Min next objects to the court's ruling that his § 1983 claim and habeas petition were misjoined. Misjoinder has nothing to do with whether the federal court is the appropriate forum for Mu'Min's claims. The claims are separate because they involve different legal and factual issues, different remedies, and different procedures. Mu'Min's habeas issue is whether he is unlawfully detained and should be released because of an alleged failure to follow amendments to Virginia Code § 53.1-198 regarding eligibility for good time credits. His § 1983 claim addresses the multiple other harms Mu'Min complains of, including whether the alleged deprivation of his good time credits was done maliciously, which is not an issue in his habeas case. As Mu'Min has now filed his § 1983 suit separately, this objection would appear to be moot. Either way, I will overrule the objection.

Next, Mu'Min alleges that the separation of the habeas case from the civil rights case will prevent him from presenting the full picture to the jury of how he has been damaged by "a campaign of retaliation" and pattern of repeated violation of rights. This is not true. Undoubtedly, some of the same evidence may be relevant to both proceedings, though the evidence to be considered in the habeas case will be more circumscribed. The objection to proceeding separately with the two distinct lawsuits will be overruled.

Finally, Mu'Min objects to the court applying the provisions of the Prison Litigation Reform Act (PLRA) to his case in any manner, because he alleges that the PLRA is unconstitutional, referencing the Memorandum of Law filed with his initial Petition. I find

---

[1] Contrary to Mu'Min's insinuation in his objections, Clarke retired from the VDOC. He was not fired.

3

nothing in the Memorandum of Law to support the unconstitutionality of the PLRA, which the courts have enforced for nearly thirty years. I will overrule this objection.

For the reasons stated, Mu'Min's objections to the Magistrate Judge's Order of February 4, 2025, will be overruled, and his Motion for Oral Argument and Emergency Hearing will be denied. An appropriate order will be entered this day.

Enter: June 9, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge