CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ABDUL MU'MIN, also known as Travis Jackson Marron and as Richard Wallace Marron, Sr.,**      Petitioner, <br> v. <br><br> **CHADWICK DOTSON,**      Respondent. | Civil Action No. 7:25cv00037 <br><br> **MEMORANDUM OPINION** <br><br> By: Robert S. Ballou <br> United States District Judge |

Petitioner Abdul Mu'Min, a Virginia inmate proceeding *pro se*, has filed an action for habeas corpus under 28 U.S.C. § 2254. Simultaneously with the filing of his Petition, he filed a Motion for Preliminary Injunction, seeking immediate release from confinement during the pendency of this action. For the reasons stated below, I will deny his requested injunction.

On November 2, 1998, the Circuit Court for the City of Chesapeake sentenced Mu'Min to 55 years active incarceration for first-degree murder, robbery, and two counts of using a firearm in the commission of a felony. The court suspended an additional 53 years, conditioned upon his completion of an indeterminate period of supervised probation upon release. Mu'Min was a juvenile at the time of the offenses, but he was tried and sentenced as an adult.

Mu'Min has challenged his continued detention as unlawful, based upon claims that the Virginia Parole Board has wrongfully denied him parole (under new laws applicable to prisoners who were juveniles at the time of their offense) and has failed to follow its own procedures, and that the prison has wrongfully denied him "enhanced sentencing credits." In his motion for preliminary injunction and accompanying affidavit, he alleges that his continued unlawful detention is causing him irrevocable harm because of the following conditions of his confinement: (1) risk of harm or death based upon his continued exposure to "domestic

terrorists," "career criminals," and gangs who are not being held accountable for crimes they are committing in prison; (2) deliberate indifference of medical staff, who are ignoring lumps on his body and unexplained weight loss; (3) unlawful taking of his sacred religious property; (4) lights on 24-hours per day and extremely loud noise from opening and closing of doors; (5) living in a filthy environment and around other sick inmates who have not been properly treated; (6) denial of outdoor recreation for over three months because of the actions of one inmate; (7) denial of employment opportunities; and (8) deliberate indifference to his need for A.D.A. accommodations.  Accordingly, he seeks a preliminary injunction ordering his immediate release from custody.

The traditional function of the writ of habeas corpus is to test the legality of a person's detention.  It is not an appropriate vehicle for obtaining injunctive relief for prison conditions. *Roberts v. Pegelow*, 313 F.2d 548, 549 (4th Cir. 1963). Such challenges to prison conditions fall under civil rights law, protected by filing an action under 42 U.S.C. § 1983, which Mu'Min has now filed and is pending in this court.  *See Mu'Min v. Cook*, No. 7:25cv302 (W.D. Va.).  Even in a civil rights action, the court has very limited authority to grant injunctive relief, especially release from prison.  *Hallinan v. Scarantino*, 466 F. Supp. 587, 603 (E.D. N.C. 2020); *see also* 18 U.S.C. § 3626(a)(3) (prohibiting a federal court from entering a release order in civil rights cases except in specific, limited circumstances).

Removing the prison condition allegations, what remains is Mu'Min's request for a preliminary injunction for his release before the court determines the merits of his habeas petition.  All habeas petitions seek early release if not immediate release, but petitioners must generally wait for the court to rule on the merits of the petition.  Preliminary injunctive relief is an extraordinary remedy that should be granted only sparingly.  *Direx Israel, Ltd. v.*

*Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991).  The party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008).  The remedy may be granted only on a clear showing of entitlement to relief.  *Id.* at 22.

      Mu'Min's success on the merits is not as likely as he fancies in his motion.  There is no constitutional right to be released on parole before the expiration of a valid sentence.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Parole in Virginia is a discretionary determination, which greatly reduced the extent of due process requirements.  *Goodman v. Dotson*, Nos. 2233-23-3 and 2236-23-3, at *2 (Va. Ct. App. Apr. 1, 2025).  While recognizing that Mu'Min's status as a juvenile at the time the crimes were committed may affect the analysis, that is not the same as saying Mu'Min was "guaranteed" parole.  Further, failure of the Virginia Parole Board to follow its own rules or state statutes does not constitute a federal constitutional violation, as long as Mu'Min received the minimally required due process.  *See Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) ("Prison officials' failure to follow internal prison policies [is] not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation."); *Riccio v. County of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that when state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal constitutional issue).

      Nor will Mu'Min suffer irreparable harm from waiting for the court to make a full decision on the merits of his habeas claim.  He has served just over half of the 55 active years to which he was sentenced, and there is nothing untoward in having him remain in custody while

the court determines if there is a constitutional reason he should not serve the remainder of his sentence for murder, robbery, and two counts of using a firearm during the commission of a violent felony. Balancing the equities, the court considers not only his youth at the time of the crime, but also the crime's severity and potential impact on the public were court-ordered early release to prove dangerous to the public.

Because Mu'Min has failed to make a clear showing of his entitlement to the extraordinary remedy of preliminary injunction, I will deny his motion. A separate order will be entered this date.

Enter: June 30, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge