IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 26, 2026
LAURA A. AUSTIN, CLERK
BY:  s/J.Vasquez
        DEPUTY CLERK

| | | |
|---|---|---|
| **ABDUL MU'MIN,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:25CV00037 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CHADWICK DOTSON,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Abdul Mu'Min, Pro Se Petitioner; Joanna Brake Ragon, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Respondent Chadwick Dotson.*

The petitioner, Abdul Mu'Min, also known as Travis Jackson Marron and Richard Wallace Marron, Sr., is a Virginia inmate proceeding pro se.  Mu'Min has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging denial of his eligibility for parole, which has resulted in continued confinement.[1]  Now before the court is the respondent's Rule 5 Answer and Motion

---

[1] Mu'Min has filed unsuccessful federal habeas corpus petitions on prior occasions challenging his underlying conviction in the Circuit Court of the City of Chesapeake, Virginia for first degree murder, robbery, and use of a firearm in the commission of a felony. *See Marron v. Angelone*, No. 1:01-cv-1106 (E.D. Va. 2001), *appeal dismissed*, No. 01-7836 (4th Cir. 2002) (dismissed as untimely under the statute of limitations); *Marron v. Clarke*, No. 1:19-cv-00400, No. 1:19-cv-00910 (E.D. Va. Oct. 25, 2019), *appeal dismissed*, No. 19-7872 (4th Cir. 2020) (dismissed for lack of jurisdiction to consider a second or successive petition).  The instant petition is not successive, however, because Mu'Min is now challenging the execution of his sentence under claims not available to him before filing the prior petitions given that he relies on statutes amended in 2020 and 2021.  *See In re Wright*, 826 F.3d 774, 786 (4th Cir. 2016) (determining that "new claims raised in a subsequent habeas petition [are] 'abusive' if those claims were available to the petitioner

to Dismiss.  The matter having been fully briefed by the parties, it is ripe for consideration.  Upon review, I conclude that the respondent's Motion to Dismiss must be granted.

## I.     STANDARD OF REVIEW.

Section 2254 permits certain challenges to state court convictions and sentences, and the Supreme Court of the United States has adopted rules governing such cases.  Rule 5, which, in part, governs the habeas respondent's answer to a § 2254 petition, dictates that an answer "must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations," and must include available records from the underlying proceedings.  Rules Governing § 2254 Cases in U.S. Dist. Ct. 5(b) & (c).

"In proceedings under § 2254, the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009).  Thus, in considering a motion

---

at the time of a prior petition's filing"); *see also In re Torrence*, 828 F.App'x 887, 881 (4th Cir. 2020) (citing *Wright* and concluding that because a habeas petitioner's parole eligibility claim did not ripen until after his initial petition was resolved, his motion for leave to file a second or successive petition was unnecessary).  Therefore, the court has jurisdiction over the Petition for this reason.

Additionally, despite Mu'Min's sentence being imposed by a circuit court located within the Eastern District of Virginia, because Mu'Min is being held at Green Rock Correctional Center, a facility within this federal district, jurisdiction remains proper in this court, particularly where Mu'Min is challenging his present physical confinement rather than his underlying conviction.  *See Byrd v. North Carolina*, 200 F.App'x 235, 236 (4th Cir. 2006) (citing *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 497 (1973)).

to dismiss a habeas petition, it must be determined whether the petitioner has stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In making such assessment, courts must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009)). Reading the foregoing together with Rule 5, courts may consider "material from the record . . . without having to convert the Rule 12(b)(6) motion to one for summary judgment under Rule 56(b)." *Id.* Furthermore, matters of public record may also be considered for purposes of a § 2254 motion to dismiss. *Id.*

## II.   EXHAUSTION AND PROCEDURAL DEFAULT

Absent a valid excuse, a state prisoner must exhaust his available remedies in the state courts before seeking habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires a petitioner to present the facts and argument of his federal constitutional claims properly to the appropriate state courts up to the highest state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Specifically, a habeas petitioner in Virginia must "present the same factual and legal claims raised in his § 2254 petition to the [Supreme Court of Virginia] either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Kent v. Kuplinski*, 702 F.App'x 167, 169 (4th Cir. 2017) (citing *Sparrow v. Dir., Dep't of Corr.*, 439 F.Supp.2d 584, 587 (E.D. Va. 2006). The petitioner bears the burden of proof to show that he has exhausted state

court remedies. *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994). Relevantly here, the Supreme Court has emphasized the mandatory nature of exhaustion of state court remedies in the context of sentence credit computation. *Derrow v. Shields*, 482 F.Supp. 1144, 1147 (W.D. Va. 1980) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

In the present Petition, Mu'min raises claims related to legislation amended in 2020 and 2021 allegedly making him eligible for parole and sentence credit recalculation.[2] He claims that he was denied parole and sentence credit enhancement and that such violations "are still being committed against him as one continual act which started in the year 2020."[3] Pet'r Resp. Mot. Dismiss 4, Dkt. No. 26. Mu'min first presented this issue to the Circuit Court of Augusta County, Virginia on June 12, 2023. However, by Order dated February 15, 2024, the circuit court dismissed Mu'Min's petition without prejudice based on lack of jurisdiction under Virginia Code § 8.01-654(B)(1).[4] The circuit court found that because Mu'Min was

---

[2] Mu'Min cites to Virginia Code §§ 53.1-136, 155, 198, & 202.3 for this proposition.

[3] Mu'Min also raised civil rights claims that the court determined fell under the purview of 42 U.S.C. § 1983 and were misjoined. Order, Dkt. No. 9. Despite objecting to the misjoinder ruling, Mu'Min pursued his § 1983 claims in a severed action which has since been dismissed pursuant to 28 U.S.C. § 1915(g). Mu'Min v. Cook, No. 7:25-cv-00302 (W.D. Va. Nov. 6, 2025).

[4] Virginia Code § 8.01-654(B)(1) governs habeas corpus petitions and provides that "[w]ith respect to any such petition filed by a petitioner whose detention originated under criminal process . . . only the circuit court that entered the original judgment or order

convicted in the Circuit Court of the City of Chesapeake, it is that court which is "vested with jurisdiction to issue a writ of habeas corpus in this case." Rule 5 Answer, Augusta Cir. Ct. Rec. 176, Dkt. No. 21-2. Mu'Min appealed this decision to the Court of Appeals of Virginia on March 3, 2024. The Court of Appeals of Virginia transferred the case to the Supreme Court of Virginia, finding that it did not have jurisdiction over the case.[5] On its review, the Supreme Court of Virginia refused the petition by Order dated December 6, 2024, determining that there was no reversible error in the circuit court's judgment.

Considering this procedural background, I conclude that Mu'Min has failed to properly exhaust his state court remedies despite filing his claims in state court. As the Fourth Circuit has explained, "[i]n determining whether a claim has been exhausted, a federal court sitting in habeas must consider not merely whether the claim has been placed before the highest state court, but also whether the state court has been given a fair opportunity to review the claim." *Baker v. Corcoran*, 220 F.3d 276, 290–91 (4th Cir. 2000) (citing *O'Sullivan*, 526 U.S. at 848). Although Mu'Min presented his claims to the Supreme Court of Virginia, they were not properly exhausted where they were before that court in a procedural context. *See Baker*, 220

---

resulting in the detention complained of in the petition shall have authority to issue writs of habeas corpus."

[5] Pursuant to Virginia Code § 8.01-654(A)(1), a habeas petition may only be filed in the Supreme Court of Virginia or a state circuit court.

F.3d at 291 ("The Supreme Court held that the exhaustion requirement is not satisfied when a claim is 'presented for the first and only time in a procedural context in which its merits will not be considered . . . .'") (quoting *Castille v. Peoples*, 489 U.S 346, 351 (1989)).  Because the judgment Mu'Min appealed was the circuit court's order dismissing his petition for its lack of jurisdiction, the Supreme Court of Virginia did not consider the merits of the matter.  Therefore, no state court has been given a fair opportunity to review Mu'Min's habeas claims, and they have not been properly exhausted in order for this court to undertake review.[6]

Further limiting this court's review is the doctrine of procedural default that is concurrent with a failure to exhaust state remedies.  Specifically, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court."  *Baker*, 220 F.3d at 288.  Simultaneous exhaustion and procedural default occurs "when a habeas petitioner fails to exhaust available state remedies and 'the court to which petitioner would be

---

[6] Mu'Min also states in his Petition that he has a case pending before the Supreme Court of Virginia involving claims similar to those raised herein that were severed into the case of *Mu'Min v. Cook*, No. 7:25-cv-00302 (W.D. Va. Nov. 6, 2025), discussed in footnote 3.  According to Mu'Min, the Circuit Court of Augusta County likewise determined that his claims regarding civil rights violations and his detention were misjoined.  Based upon available public records, it appears that the case was docketed in the Supreme Court of Virginia as a civil case, rather than a habeas petition and was procedurally dismissed on March 12, 2025.  *See Marron v. Cook*, No. 240959 (Va. 2025).

required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 722 (1991)). In such a case, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Baker*, 220 F.3d at 288.

Here, if Mu'Min were permitted the opportunity to refile his claims in the correct Virginia court, his claims would be procedurally barred under Virginia law. Pursuant to Virginia Code § 8.01-654, a habeas petition such as this one "shall be brought within one year after the cause of action accrues." Va. Code § 8.01-654(A)(2). In Virginia, a cause of action accrues when the injury occurs, or when the injury is discovered if the relief sought is equitable, as is the case in a habeas proceeding. *See Wallace v. Jarvis*, 726 F.Supp.2d 642, 645 (W. D. Va. 2010) (citing Va. Code § 8.01-230).

Mu'Min's claims are grounded in amendments to statutory provisions, that occurred in 2020 and 2021, which he believes made him eligible for parole and sentence recalculation. He specifically states that he was denied a parole hearing in the year of 2020, "which subjected [him] to the beginning of his 'continued unlawful detention,' which has not yet ceased." Pet. 3, Dkt. No. 1. He claims he was denied

parole in 2021 and lists subsequent denials which occurred in following years until 2024. He further asserts that prison officials "conspired to deny [him] and others . . . enhanced sentence credits." *Id.* at 6. In Mu'Min's own words, these violations began in 2020 "as one continual act." Pet'r Resp. Mot. Dismiss 4, Dkt. No. 26. However, he did not file the present Petition until January 10, 2025, nor did he file the petition in state circuit court until June 12, 2023, both of which are more than one year after the cause of action would have accrued under the discovery rule. To the extent Mu'Min argues that the continuous nature of the violations avoid issues with timeliness, I am unpersuaded, particularly where Virginia courts have explained that limitation periods generally "run[] from the start of the continuous and indefinite injury not the end of it." *Forest Lakes Cmty. Ass'n, Inc. v. United Land Corp. of Am.*, 293 Va. 113, 127 (Va. 2017). Therefore, Mu'Min's petition would be procedurally barred under the Virginia statute of limitations for bringing habeas claims.[7]

Finally, Mu'Min has not demonstrated any cause or prejudice for his default, and the record is devoid of any such evidence. Thus, as Mu'Min's exhaustion and

---

[7] The respondent argues that Mu'Min's Petition would, likewise, be barred under the federal statute of limitations. Under a similar analysis, I agree and conclude that his Petition has not been timely filed in this court under 28 U.S.C. § 2244(d)(1), and Mu'Min has not described any extraordinary circumstances that would justify the delay.

simultaneous procedural default prevents federal habeas review, the Petition must be dismissed.

### III.    CONCLUSION.

Accordingly, the respondent's Motion to Dismiss will be granted and Mu'Min's § 2254 Petition will be dismissed without prejudice. All other pending motions will be rendered moot by this decision and denied.

A separate Judgment will be entered herewith.

ENTER:   March 26, 2026

/s/  JAMES P. JONES
Senior United States District Judge